UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  14-45733-659 |
| | ) | |
| DARILYNN JOI STEVENS, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Re: Doc. # 27, 40, 57 |
| | ) | |

## UNION ELECTRIC COMPANY'S MOTION TO SET ASIDE AMENDED CONSENT ORDER DATED APRIL 17, 2015 AND RELATED RELIEF

Union Electric Company d/b/a AmerenMissouri ("Ameren"), by and through the undersigned counsel, moves this Court to set aside the Amended Consent Order entered in the above matter on April 17, 2015 and grant Ameren certain related relief, pursuant to Fed. R. Bankr. P. 9024, Fed. R. Civ. Pro. 60(b)(1), (3), (4), and (6), and 11 U.S.C. § 105(a) (the "Motion").

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

4. Darilynn Joi Stevens ("Debtor") is a debtor in the above captioned bankruptcy case, presently pending before this Court.  [ECF Doc. No. 1].

### BACKGROUND

5. The Debtor filed a Motion for Sanctions (the "Motion for Sanctions") against Ameren on October 17, 2014 for alleged violations of the automatic stay by Medicredit a collection agency retained by Ameren to collect on the Debtor's past due account with Ameren. [ECF Doc. No. 27].

6.     The Debtor failed to properly serve the Motion for Sanctions on Ameren and Medicredit. [ECF Doc. No. 27]; Fed. R. Bankr. P. 7004(b)(3) and 9014(b).  Having no knowledge of the Motion for Sanctions or the pendency of the bankruptcy case, Ameren filed no response to the Motion for Sanctions and did not appear at the hearing.  Affidavit of Mike Horn, ¶3.

7.     On November 21, 2014, this Court entered its Order on the Motion for Sanctions (the "Initial Consent Order"). [ECF Doc. No. 40].  The Initial Consent Order provides that the Debtor and Ameren had settled the Motion for Sanctions and directed that Ameren and Medicredit, Inc. pay the Debtor $500 in full compensation and $500 in attorney's fees or costs incurred due to "creditor harassment." [Id.]

8.     On April 16, 2015, Medicredit filed its motion to set aside the Initial Consent Order on the basis that the Motion for Sanctions had not been directed to Medicredit, Medicredit had not been advised of the hearing date on the Motion for Sanctions, and Medicredit had not agreed to settle the Motion for Sanctions. [ECF Doc. No. 56].  Medicredit served its motion to set aside the Initial Consent Order on the Debtor, but did not serve Ameren. [Id.]

9.     On April 17, 2015, one day after Medicredit filed its motion to set aside the Initial Consent Order, the Court entered the Amended Consent Order. [ECF Doc. No. 57].  The text of the Amended Consent Order is set forth below and erroneously provides that the Amended Consent Order was entered pursuant to the Debtor's and Ameren's settlement of the Motion for Sanctions. [Id.]

> This matter coming before this court, Darilynn Joi Stevens, Ameren Missouri, through their attorneys and *in settlement of* Debtor's Motion for Sanctions, agrees as follows:

2

> 1. Ameren Missouri, Inc. shall pay Debtor $500.00 in full compensation and $500.00 in attorney's fees or costs incurred due to creditor harassment.
>
> 2. Debtor accepts said payment in full satisfaction and releases Ameren Missouri of any further liabilities related to this matter.
>
> IT IS THEREFORE ORDERED that Debtor's Motion for Sanctions is denied *as settled* and Ameren Missouri shall remit the funds to Debtor's counsel as set forth herein. (*emphasis added*).

## REQUEST FOR RELIEF

10. Ameren moves this Court to set aside the "Amended Consent Order" entered on April 17, 2015 (the "Amended Consent Order"), pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(1), (3), (4) and (6) and 11 U.S.C. § 105 because it was entered without Ameren's knowledge or consent, upon the Debtor's false representation that Ameren agreed to settle the Motion for Sanctions and because the Motion for Sanctions was not properly served on Ameren rendering the Amended Consent Order void. In addition, due to Debtor's bad faith conduct, Ameren requests that the Motion for Sanctions be denied, with prejudice, Debtor's bankruptcy case be dismissed, and Ameren be awarded its attorney's fees and costs.

## LEGAL ARGUMENT

**A. The Amended Consent Order Was Entered Upon the Misrepresentation of the Debtor and Should be Set Aside Pursuant to Fed. R. Civ. P. 60(b)(1), (3) and (6)**

11. The Amended Consent Order should be set aside pursuant to Fed. R. Civ. P. 60(b)(1), (3) and (6), applicable in this proceeding pursuant to Fed. R. Bankr. P. 9024, because the Amended Consent Order was entered without Ameren's knowledge or consent, upon the Debtor's misrepresentation to this Court that Ameren agreed to settle the Motion for Sanctions. Fed. R. Civ. P. 60(b)(1) provides that the Court may grant a party relief from final judgment in the event of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1).

3

Fed. R. Civ. P. 60(b)(3) provides that the Court may grant a party relief from final judgment when there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Fed. R. Civ. P. 60(b)(6) provides that the Court may grant a party relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The facts of this case support granting relief under each of the above mentioned sections. The Amended Consent Order prepared by the Debtor's attorney represents that Ameren and the Debtor settled the Motion for Sanctions and that Ameren agreed to pay the Debtor "$500 in full compensation and $500 in attorney's fees or costs incurred due to creditor harassment." [ECF Doc. No. 57]. The representations of the Debtor and its counsel in the Amended Consent Order were made without Ameren's knowledge or consent and are wholly and completely false. Affidavit of Mike Horn, ¶¶ 3-8, 11. Ameren never agreed to settle the Motion for Sanctions and never agreed to the terms of the Amended Consent Order, including the alleged admission of "creditor harassment" and the agreement to make settlement payments to or for the benefit of the Debtor and her attorney. Affidavit of Mike Horn, ¶8. Ameren did not receive service of and had no notice of the Motion for Sanctions until after the "consent" order on the Motion for Sanctions had been entered. Affidavit of Mike Horn, ¶¶2-3. At no time has the Debtor or her counsel contacted Ameren to discuss the Motion for Sanctions or had any communication with Ameren regarding a settlement of the Motion for Sanctions. Affidavit of Mike Horn, ¶¶4-5. Further, neither Debtor nor her counsel provided Ameren with a draft copy, or requested Ameren's consent to, the Initial Consent Order or the Amended Consent Order prior to submitting the same to the Court for approval. Affidavit of Mike Horn, ¶¶6-7. The Amended Consent Order should be set aside pursuant to Fed. R. Bankr. P. 60(b)(1), (3), and (6) because it was entered on the Debtor's misrepresentation to the Court that: (a) the Motion for Sanctions had

4

been settled; and (b) that Ameren had consented and agreed to the terms of the Amended Consent Order prepared by Debtor's counsel.

**B. The Amended Consent Order is Void and Should be Set Aside Pursuant to Fed. R. Civ. P. 60(b)(4)**

12. In the alternative, the Amended Consent Order should be set aside pursuant to Fed. R. Bankr. P. 60(4), which provides that the Court may grant a party relief from final judgment when "the judgment is void." Fed. R. Civ. P. 60(b)(4). The Amended Consent Order is void because the Motion for Sanctions to which the Amended Consent Order relates was not properly served on Ameren and this Court lacked jurisdiction over Ameren at the time the Amended Consent Order was entered. Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838 (8th Cir. 1993); In re Stamps, 2006 WL 2604605 (Bankr. N.D. Iowa 2006); In re Villar, 317 B.R. 88 (9th Cir. BAP 2004).

13. Pursuant to Fed. R. Bankr. P. 9014, service of the Motion for Sanctions was to be made "in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 7004(b)(3) sets for the manner in which a corporation, such as Ameren, shall be served and provides:

> *Service by First Class Mail.* Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P. service may be made within the United States by first class mail postage prepaid as follows...(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

5

Fed R. Bankr. P. 7004(b)(3).  The Debtor purports to have attempted service of the Motion for Sanctions on Ameren by mailing "Ameren Missouri, P.O. Box 66529, Saint Louis, MO 63116," and "Secretary of State, 600 West Main, Jefferson City, MO 65102" as "Registered Agent for Ameren Missouri.   Both attempts at service were improper under Fed. R. Bankr. P. 7004(b)(3) because the Motion for Sanctions was not delivered to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of law to receive service of process for Ameren.  Fed. R. Bankr. P. 7004(b)(3).  The first attempt at service was made to Ameren c/o a post-office box, and was not sent to the attention of any person, officer, or agent of Ameren.  The second attempt at service also fails because service was directed to the Missouri Secretary of State, who is not an officer or agent of Ameren.  Ameren's registered agent is Steven R. Brophy, 500 East Independence Drive, Union, MO 63084.  Affidavit of Mike Horn, ¶12.

14.    Void judgments arising from defects in service have been set aside in numerous bankruptcy and civil proceedings.  For example, in the case of Villar, the Bankruptcy Appellate Panel for the Ninth Circuit reversed an order of a Bankruptcy Court finding that the underlying motion had not been properly served because, although the debtor had delivered the motion to the attention of the creditor at the creditor's post office box, the debtor failed to direct the motion to the attention of an officer or agent of the creditor, as required under Rule 7004(b)(3).  In re Villar, 317 B.R. 88 (9th Cir. BAP 2004).  The Bankruptcy Appellate Panel found that lack of service rendered the judgment void, and because the creditor had not received actual notice of the motion before the order was entered, the creditor had been deprived due process of law.  Id. In Stamps, the Bankruptcy Court for the Northern District of Iowa vacated default judgments and dismissed complaints against corporate defendants who allegedly engaged in debt collection

6

violations because the defendants were served at a post office box and service was not directed to an officer or an authorized agent in accordance with Fed. R. Bankr. P. 7004(b)(3). In re Stamps, 2006 WL 2604605 at 2 (Bankr. N.D. Iowa 2006). In Dodco v. American Bonding Company, the Eighth Circuit found that service made upon an individual who was not an officer or agent of the defendant corporation was not proper and, as a consequence, the court lacked jurisdiction over the defendant. Dodco v. American Bonding Company, 7 F.3d 1387, 1388 (8th Cir.1993). In Printed Media Services Inc. v. Solna Web, Inc., the Eighth Circuit reversed the district court's order denying a motion to vacate a judgment under Fed. R. Civ. P. 60(b)(4), finding that the district court lacked jurisdiction over the defendant because the plaintiff failed to properly serve defendant, despite any actual notice of the lawsuit that the defendant may have had. Printed Media Services Inc. v. Solna Web, Inc., 11 F.3d 838 (8th Cir. 1993). In the instant case, the Debtor's failure to properly serve Ameren did not result in a mere technical breach of the Fed. R. Bankr. P. 7004(b)(3), but was completely ineffective as Ameren never received the Motion for Sanctions that the Debtor claims it attempted to deliver to Ameren. Affidavit of Mike Horn, ¶2. Because the Debtor failed to effectuate proper service of the Motion for Sanctions, this Court lacked jurisdiction over Ameren at the time the Amended Consent Order was entered, rendering the judgment void. Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838 (8th Cir. 1993). It is appropriate under the circumstances to vacate and set aside the void Amended Consent Order pursuant to Fed. R. Civ. P. 60(b)(4) and (b)(6). Id.

**C. The Amended Consent Order Should be Set Aside Pursuant to 11 U.S.C. §105(a) and Ameren Granted Related Relief, Including, entry of an Order Denying the Motion for Sanctions, Without Prejudice, Dismissal of the Debtor's Bankruptcy Case, and an Award of its Fees and Costs Due to Debtor's Bad Faith Conduct**

15. Ameren moves for relief from the Amended Consent Order and requests this Court deny the Motion for Sanctions, with prejudice, pursuant to this Court's inherent power to

7

sanction bad faith conduct under 11 U.S.C. § 105(a).  Pursuant to 11 U.S.C. § 105(a) "the court may issue any order, process, or judgment that is necessary to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Court's inherent powers under 11 U.S.C. §105 may be used to sanction a party's bad faith conduct and attempts to perpetrate a fraud upon the Court, including, without limitation, blatantly false factual and legal contentions.  In re Cochener, 360 B.R. 542 (Bankr. S.D. Tex. 2007).  As detailed above, for months the Debtor has made false legal and factual contentions to this Court – *first*, that Ameren and the Debtor had agreed to settle the Motion for Sanctions and that Ameren agreed to make settlement payments to or for the benefit of the Debtor and her attorney for "creditor harassment," *second* that Ameren consented and agreed to the terms of the Initial Consent Order that the Debtor submitted to this Court for approval on or about November 21, 2014, and *third* that Ameren consent and agreed to the terms of the Amended Consent Order that the Debtor submitted on or about April 17, 2015, even though neither the Debtor nor her attorney had ever spoken to Ameren regarding the Motion for Sanctions or a settlement, and never provided Ameren with a draft of the Initial Consent Order or the Amended Consent Order before such "consent" orders were entered.  When Ameren learned of the Amended Consent Order, Ameren's counsel reached out to Debtor's counsel and advised him that Ameren did not have knowledge of the pendency of the bankruptcy when the alleged violations of the automatic stay occurred, that Ameren had never received service of the Motion for Sanctions, and that Ameren had never consented or agreed to the terms of the Amended Consent Order or the Initial Consent Order.  Debtor's counsel assured Ameren's counsel that he would look into the matter and get back to Ameren later that day.  More than a week has passed with no response from Debtor's counsel, and Ameren's counsel's follow-up call to Debtor's counsel was never returned.  Fully aware of the defects of service and the misrepresentations of

8

settlement that Debtor had made to this Court, the Debtor should have promptly responded to Ameren and apprised the Court of the situation.  Because of the Debtor's misrepresentation, Ameren has been inconvenienced and has incurred unnecessary attorney's fees and costs in moving for relief from the Amended Consent Order.  The Debtor's failure and/or refusal to advise the Court of its misrepresentations and/or withdraw the Amended Consent Order warrants exercise of this Court's inherent powers under 11 U.S.C. § 105(a) to set aside the Amended Consent Order, deny the relief sought in the Motion for Sanctions against Ameren, with prejudice, dismiss the Debtor's bankruptcy case, and award Ameren its fees and costs in this action.

    WHEREFORE, Ameren requests that the Motion be granted and this Court enter an Order setting aside the Amended Consent Order, denying the Motion for Sanctions, with prejudice, dismissing the Debtor's bankruptcy case, directing that Debtor and Debtor's counsel pay Ameren its fees and costs in this action, and granting such other and further relief as is appropriate under the circumstances.

    Respectfully submitted,

    ARMSTRONG TEASDALE LLP

    By: /s/ Susan K. Ehlers
        Susan K. Ehlers   #49855
        7700 Forsyth Blvd., Suite 1800
        St. Louis, Missouri 63105
        (314) 621-5070
        (314) 621-5065 (facsimile)
        sehlers@armstrongteasdale.com

    *Attorneys for Union Electric Company d/b/a AmerenMissouri*

CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a copy of the foregoing was sent this 21st day of May 2015, to all parties receiving electronic service in this case and by first class United States mail, postage prepaid, to:


Darilynn Joi Stevens
12043 Maryland Manor
Maryland Heights, MO 63043

David Nelson Gunn,
The Consumer Law Center of Saint Louis
DBA The Bankruptcy Company LLC
2025 S. Brentwood, Suite 206
Brentwood, MO 63144

John V. LaBarge, Jr.
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Office of US Trustee
111 S Tenth St, Suite 6.353
St. Louis, MO 63102

                                                  /s/ Susan K. Ehlers